**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eli Reisman,<br><br>    Plaintiff,<br><br>vs.<br><br>Gen Digital Incorporated,<br><br>    Defendant. | No. CV-25-01653-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Gen Digital Inc.'s Motion to Dismiss (Doc. 39), Plaintiff Eli Reisman's Response (Doc. 41), and Defendant's Reply (Doc. 42). The Court now rules as follows.

**I. BACKGROUND**

On February 18, 2025, Plaintiff initiated this putative class action against Defendant Gen Digital Inc. in the District of New Jersey alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* (Doc. 1). Pursuant to a stipulation by the parties, on May 16, 2025, this matter was transferred to the District of Arizona. (Docs. 24, 25). On June 27, 2025, Plaintiff filed a First Amended Complaint ("FAC"), which is the operative complaint for purposes of the instant Motion. (Doc. 35).

Defendant Gen Digital Inc. ("Gen Digital" or "Defendant") operates various cybersecurity brands including Norton, Avast, LifeLock, Avira, AVG, ReputationDefender, and CCleaner. (Doc. 35 ¶ 2). Gen Digital relies on third-party affiliate marketing to refer prospective customers to Gen Digital. (*Id.* ¶ 6). Plaintiff alleges that

"Gen Digital and its affiliates and partners sent illegal telemarketing text messages on behalf of Gen Digital to Plaintiff's and Class members' residential cell phones." (*Id.* ¶ 7). Plaintiff, whose cell phone has been registered on the National Do-Not-Call Registry since July 19, 2023, alleges that he began receiving telemarketing text messages from Gen Digital or one of its affiliate marketers in October 2023. (*Id.* ¶¶ 40, 42). Between October 15 and December 13, 2023, he ultimately received nine such text messages, each sent from a seemingly random telephone number, and each containing a hyperlink directing Plaintiff to a website containing an advertisement for a Gen Digital product. (*See generally id.*).

On October 18, 2023, Plaintiff contacted Gen Digital regarding one of the unsolicited text messages he received. (*Id.* ¶ 52). Gen Digital's litigation counsel responded, stating,

> In all likelihood, the text was sent by a third-party marketing affiliate which itself had access to your phone number. (Gen does not send text-message solicitations and strictly forbids this practice among its marketing vendors.)
>
> While this is not common, it has happened before, and our practice is to work internally to identify the sender and have them removed from our marketing-affiliate platform.

(*Id.* ¶ 54). Plaintiff contends that the statement that "it has happened before" entails that "Gen Digital knew that consumers were being sent unwanted text messages advertising its products in violation of the TCPA," and that Gen Digital could have used the affiliate or partner identification numbers included in the messages (strings of identifying numbers in the linked URLs) to instruct the third party affiliates to stop sending telemarketing messages on its behalf, but it refused to do so. (*Id.* ¶¶ 56–61).

Accordingly, Plaintiff brings two causes of action under 47 U.S.C. § 227(c) on behalf of two putative classes, one class of those with telephone numbers on the National Do-Not-Call Registry, and one class including those with telephone numbers on Defendant's (or its vendors') *internal* do-not-call list. (*Id.* ¶ 142).

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### III.    ANALYSIS

The TCPA and its implementing regulations prohibit making "more than one telephone [solicitation] within any 12-month period" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). A plaintiff may establish a defendant's liability under the TCPA under a theory of direct or vicarious liability. *See Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014).

Defendant argues that Plaintiff's Complaint must be dismissed because his allegations are insufficient "to plausibly plead an agency relationship between Gen and any third-party vendor that allegedly sent the text messages." (Doc. 39 at 6). Plaintiff, however, contends that he has pled sufficient facts to show that Defendant is directly and/or vicariously liable for the unlawful text messages. (Doc. 41 at 8).

#### a. Direct Liability

To establish direct liability under the TCPA, Plaintiff must plausibly allege that Defendant Gen Digital initiated the telephone solicitations in question. *Sapan v. Bloom Ret. Holdings, Inc.*, No. 8:24-CV-01213-FWS-KES, 2025 WL 1718083, at *3 (C.D. Cal. Apr. 14, 2025). The Complaint must therefore "allege facts showing the defendant actually placed calls violating the TCPA." *Whittaker v. Freeway Ins. Servs. Am., LLC*, No. CV-22-

8042-PCT-DGC, 2023 WL 167040, at *4 (D. Ariz. Jan. 12, 2023).

Defendant contends that Plaintiff's allegations are conclusory and insufficient. It states that Plaintiff's "sole allegation concerning direct liability" is that some of the text messages he received did not include partner or affiliate identification codes, so they "must have been sent" by Gen Digital. (Doc. 39 at 10–11; Doc. 35 ¶ 67). It argues that Plaintiff fails to make any allegations "that might plausibly or logically establish that Gen directly sent any of the text messages, such as: (1) the text messages mentioned Gen, or one of Gen's brands; (2) the text messages were sent from a phone number associated with Gen; or (3) the text messages contained a hyperlink to a website owned or operated by Gen." (Doc. 39 at 11).

However, Plaintiff's allegations are not so sparse as Defendant suggests. First, Plaintiff alleges that the telephone numbers used to send solicitations were likely "spoofed" to conceal the identity of the caller, which would preclude Plaintiff being able to determine whether the phone numbers were associated with Gen Digital. (Doc. 35 ¶ 43 n.8). Furthermore, Plaintiff's Complaint includes detailed allegations regarding "Defendant's statements (in SEC filings) that it engages in direct-to-consumer marketing, the anonymous nature of the conduct at issue, . . . and the lack of affiliate codes in any URLs for specific text messages." (Doc. 41 at 10). These allegations, taken together, give rise to its belief that Defendant is directly liable for sending two or more of the text messages in question.

Defendant argues that Plaintiff has failed to allege that the text messages "mentioned Gen, or one of Gen's brands," or that the text messages linked "to a website owned or operated by Gen." (Doc. 39 at 11). However, Plaintiff's Complaint, which includes screenshots of the relevant text messages and linked websites, shows that each of the text messages linked to a website prominently advertising one of Defendant's products or websites. (*See generally* Doc. 35). Defendant is correct that there is some speculation necessarily involved at this early stage in the litigation. In other cases alleging direct liability, plaintiffs were able to confirm that the solicitations in question were directly initiated by defendants by listening to voicemail messages or placing return calls. *See, e.g.*,

4

*Whittaker*, 2023 WL 167040, at *1 (voicemail messages and return calls confirmed identity of defendant); *Sapan*, 2025 WL 1718083, at *3 (phone numbers all belonged to defendant and the calls were made by its employees). Defendant also emphasizes that its litigation counsel told Plaintiff that Gen Digital "does not send text-message solicitations." (Doc. 35 ¶ 54). However, the Court cannot presume the truth of Defendant's counsel's assertion at this stage; it must construe the facts in the light most favorable to Plaintiff, who has pled that Defendant *did* send the text messages at issue.

This Court approaches the issue "with a measure of common sense." *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). When the entire factual context is considered and the pleading is construed in the light most favorable to Plaintiff, this Court finds that Plaintiff has nudged his claim "across the line from conceivable to plausible." *See Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)). Given the "spoofed" or anonymous nature of the text messages at issue, "many of the relevant facts here are known only to the defendant." *Id.* at 928–29). Furthermore, as Plaintiff points out, is certainly logical to think that "text messages that do not contain an affiliate code or tracking would have been sent directly by Defendant," as "[i]t would make no financial sense that a third party would direct traffic to Defendant's website and not get credit for its efforts." (Doc. 41 at 9). It may ultimately be the case that the text messages in question were *not* directly sent by Defendant, but that is a factual question to be borne out after further discovery. For purposes of the Motion to Dismiss, the Court finds that Plaintiff's direct liability allegations suffice.

**b. Vicarious Liability**

In the alternative, Plaintiff pleads that Defendant is vicariously liable for the text messages sent in violation of the TCPA. The Court will address Plaintiff's alternative theory of vicarious liability in more detail if Defendant moves for summary judgment at the close of discovery, but because Plaintiff has adequately pleaded a theory of direct liability, Plaintiff's Complaint must survive Defendant's Motion to Dismiss. *See Whittaker*, 2023 WL 167040, at *5; Fed. R. Civ. P. 8(d)(2) ("If a party makes alternative

statements, the pleading is sufficient if any one of them is sufficient.").

## IV. CONCLUSION

Because Plaintiff has adequately pleaded that Defendant was directly liable for two or more of the text message solicitations at issue, he has sufficiently stated a claim for purposes of Rule 12(b)(6).

Accordingly,

**IT IS ORDERED** that Defendant Gen Digital Inc.'s Motion to Dismiss (Doc. 39) is **denied**.

Dated this 21st day of August, 2025.

Honorable Steven P. Logan
United States District Judge