Buzzi L. Shindler (SBN: 020001)
**BUCHALTER,**
 **A PROFESSIONAL CORPORATION**
15279 North Scottsdale Road, Suite 400
Scottsdale, AZ 85254-2659
Telephone: 480.383.1800
Fax: 480.824.9400
Email: bshindler@buchalter.com

Artin Betpera (admitted *pro hac vice*)
**BUCHALTER,**
 **A PROFESSIONAL CORPORATION**
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: 949.760.1121
Fax: 949.720.0182
Email: abetpera@buchalter.com

Attorneys for Defendant Gen Digital Inc.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ELI REISMAN, <br><br> Plaintiff, <br><br> v. <br><br> GEN DIGITAL INC., <br><br> Defendant. | No. 2:25-cv-01653-PHX-SPL <br><br> **DEFENDANT GEN DIGITAL INC.'S REPLY TO OPPOSITION TO MOTION TO STAY DISCOVERY** |

1   Plaintiff argues that Gen's motion for a temporary stay of discovery should be
2   denied because Gen should have raised the legal issue it has presented in its potentially
3   dispositive Motion for Judgment on the Pleadings ("MJOP") sooner.  However, as
4   explained in Gen's MJOP:

> [T]his motion for judgment on the pleadings raises a dispositive issue of law that arises from the Supreme Court's recent opinion in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 149 (2025), which was published on June 20, 2025.  Gen was unable to raise the issue presented in this motion in its original Rule 12(b)(6) motion because *McLaughlin* had not yet been decided.  Gen was unable to raise this issue in its subsequent motion to dismiss Plaintiff's FAC because the ink had barely dried on *McLaughlin*, and because the district court rulings upon which Defendant relies upon as persuasive authority below had not yet been issued.  Under these circumstances, a motion for judgment on the pleadings presented the best procedural mechanism for Gen to raise this dispositive issue of law while this case was still in its early stages.

MJOP, Doc. 49 at 6:24-7:8.

Plaintiff's protestations amount to nothing more than Monday morning quarterbacking.  In reality, Defendant brought its MJOP, and sought a stay as soon as practicable under the circumstances in response to real-time changes in the law.  The MJOP was filed before the Court had entered a scheduling order, and before either party had served any discovery (which still remains the case—neither party has served discovery as of the date of this reply brief).  This demonstrates diligence, not delay as Plaintiff argues.

Plaintiff next argues that, despite all the good common-sense reasons for granting a stay, the Court should deny Gen's motion because "there are potentially third and fourth parties who are either Defendant's affiliates, or vendors of Defendant's affiliates, who must be identified and notified of this lawsuit and their evidence preservation obligations."  Opposition, 1:16-19.  Yet, Plaintiff filed this lawsuit more than one year after he received the text messages at issue, and he fails to explain how a stay that will maybe last a few months—especially now that Gen's MJOP is fully briefed, and ripe for

review—will hinder his ability to obtain this information after the stay is lifted.

     Lastly, Plaintiff does not dispute in his motion that Gen will be harmed in the absence of a stay by being required to undergo expensive and contested class discovery. Nor does Plaintiff dispute that granting a stay pending Gen's potentially dispositive MJOP is in the interests of judicial economy. Every factor considered by courts in determining whether to stay discovery pending a potentially dispositive motion overwhelmingly support a stay. The Court should therefore grant Gen's motion, and stay discovery pending a ruling on Gen's fully briefed MJOP.

DATED: October 30, 2025        **BUCHALTER, A PROFESSIONAL CORPORATION**

                                   By:  /s/ Artin Betpera
                                          Buzzi L. Shindler
                                          Artin Betpera
                                          Attorneys for Defendant Gen Digital Inc.