**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eli Reisman,<br><br>                Plaintiff,<br><br>vs.<br><br>Gen Digital Incorporated,<br><br>                Defendant. | No. CV-25-01653-PHX-SPL<br><br>**ORDER** |

There are two Motions pending before the Court: Defendant Gen Digital Inc.'s Motion for Judgment on the Pleadings (Doc. 49) and Motion to Stay Discovery Pending Ruling on Motion for Judgment on the Pleadings. (Doc. 51). This Order addresses Defendant's Motion to Stay Discovery. The Court rules as follows.

**I.     BACKGROUND**

On February 18, 2025, Plaintiff Eli Reisman initiated this putative class action against Defendant Gen Digital Inc. in the District of New Jersey alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. (Doc. 1). The parties stipulated to transfer this matter to the District of Arizona. (Docs. 24, 25). On June 27, 2025, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 35). Shortly thereafter, Defendant filed a Motion to Dismiss the FAC, arguing that the allegations were "insufficient to plausibly plead the existence of an agency relationship between [Defendant] and the third-party senders of the alleged text messages." (Doc. 39 at 6). The Court denied Defendant's Motion to Dismiss. (Doc. 43). Defendant filed an Answer (Doc.

44) and later filed a Motion for Judgment on the Pleadings, asserting that text messages are not "calls" within the meaning of the TCPA. (Doc. 49). Along with the Motion for Judgment on the Pleadings, Defendant filed the instant Motion to Stay Discovery pending the Court's resolution of that Motion. (Doc. 51).

## II.     LEGAL STANDARD

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Discovery may be stayed pending rulings on dispositive or potentially dispositive motions. *See Lazar v. Charles Schwab & Co. Inc.*, No. CV-14-01511-PHX-DLR, 2014 WL 12551210, at *2 (D. Ariz. Sept. 19, 2014). However, "[a] pending dispositive motion is not generally a situation that in an of itself would warrant a stay of discovery." *DRK Photo v. McGraw-Hill Cos., Inc.*, No. CV 12-8093-PCT-PGR, 2012 WL 5936681, at *1 (D. Ariz. Nov. 27, 2012) (internal quotations and citation omitted). Courts may stay discovery for many reasons, including furthering efficiency for itself and the litigants. *Little*, 863 F.2d at 685. Many courts in the Ninth Circuit consider the following in determining whether to stay discovery pending the resolution of a motion:

> 1) the pending dispositive motion must be potentially dispositive of the entire case; 2) the court must either be "convinced" that the dispositive motion will be granted, or the court must find that a "clear possibility" exists that the dispositive motion will be granted; and 3) the court must be able to resolve the dispositive motion without any additional discovery.

*Cebrynski v. Wells Fargo Bank NA*, No. CV-21-01965-PHX-DJH, 2022 WL 2290561, at *1 (D. Ariz. June 24, 2022); *see, e.g.*, *Contractor Mgmt. Servs. LLC v. Para Inc.*, No. CV-25-01645-PHX-DWL, 2025 WL 2531538, at *2–3 (D. Ariz. Sept. 2, 2025).

## III.    DISCUSSION

Defendant argues that the Court should stay discovery because the case is at an early stage, and at the time Defendant filed the Motion to Stay, discovery had not yet begun. (Doc. 51 at 5). Further, Defendant argues that the pending Motion for Judgment on the Pleadings focuses on "a single legal issue that could potentially dispose of this entire case."

(*Id.* at 6). In the Motion for Judgment on the Pleadings, Defendant argues that the private right of action created in the TCPA in section 227(c)(5) does not apply to text messages, and because Plaintiff's claims are based on receipt of text messages, those claims fail. (*Id.* at 3). In opposition, Plaintiff asserts that delaying discovery would be prejudicial because Defendant's affiliates, and those affiliates' vendors, "have discovery that is critical to Plaintiff's case" and there are no assurances that those entities will preserve evidence or are on notice of the lawsuit.[1] (Doc. 54 at 6).

In light of these considerations, the Court will deny the Motion to Stay discovery. Defendant has not shown a "clear possibility" that the Motion for Judgment on the Pleadings will be granted. *See Cebrynski*, 2022 WL 2290561, at *2 ("Having taken this 'peek' at the merits of the motions, the Court concludes that Defendants have not demonstrated a clear and immediate possibility of success on their . . . argument."). At this point, the Court is not "convinced" that Defendant's arguments based on the Supreme Court's decision in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) will result in the dismissal of Plaintiff's claims. *See id.* Further, efficiency and judicial economy will be best served by the parties' participation in the discovery process. Therefore, the Court will deny the Motion to Stay. An Order on the pending Motion for Judgment on the Pleadings will issue in due course.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Stay Discovery Pending Ruling on Motion for Judgment on the Pleadings (Doc. 51) is **denied**.

Dated this 7th day of January, 2026.

Honorable Steven P. Logan
United States District Judge

---

[1] Plaintiff also notes in the Response that "Defendant has informed Plaintiff that it has issued instructions to suspected responsible parties to preserve records." (Doc. 54 at 6). Thus, it appears that efforts to preserve evidence have been undertaken.